Todd M. Friedman (216752)
Meghan E. George (274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

*Attorneys for Plaintiff, Narguess Noohi, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARGUESS NOOHI, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>      vs.<br><br>JOHNSON & JOHNSON CONSUMER, INC.,<br>DOES 1-100, INCLUSIVE.<br><br>        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2)  Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3)  Common Law Fraud<br><br>(4)  Unjust Enrichment<br><br>**Jury Trial Demanded** |

Plaintiff NARGUESS NOOHI ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## PRELIMINARY STATEMENTS

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*, Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*, common law fraud, and unjust enrichment, resulting from the illegal actions of Defendant, in intentionally labeling its skin care products with false and misleading claims that they contain no oil and are "oil free", when in fact,  Defendant's Neutrogena brand products contain Ethylhexl Palmitate, and Soybean Sterols, both oil based products that are derivatives of palm oil and soybean oil. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(d), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest or costs and is a class action in which the members of the class are citizens of a State different from the Defendant.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, and Defendant does business, inter alia, in the Central District of California.

**PARTIES**

4.     Plaintiff is an individual who was at all relevant times residing in Woodland Hills, CA.

5.     On information and belief, Defendant is a Delaware corporation whose principal place of business is located in New Brunswick, New Jersey.

6.     At all times relevant hereto, Defendant was engaged in the manufacturing, marketing, and sale of skincare products under the Neutrogena brand..

**FACTS COMMON TO ALL COUNTS**

7.     Defendant manufactures, advertises, markets, sells, and distributes skin-care products throughout California and the United States under brand name "Neutrogena".

8.     During the Class Period the following list of products (the "Products") were advertised as containing no oil products, when they in fact contained several oil products:

     a.     Neutrogena® Oil-Free Face Moisturizer for Sensitive Skin, Fragrance-Free, Non-Comedogenic;

9.     During the Class Period Plaintiff purchased the Products.

10.     Plaintiff's most recent purchase was on March 23, 2020.

11.     All of the Products, marked as being "oil free", contain Ethylhexl Palmitate, and Soybean Sterols, both oil products that are derivatives of palm oil and soybean oil; yet Defendants intentionally advertise and label the Products as containing no oil despite containing oil-based products.

12.     Persons, like Plaintiff herein, have an interest in purchasing products that do not contain false and misleading claims with regards to the inclusion of oil in their skincare products that are clearly marketed as "oil free" products.

13.     By making false and misleading claims about the ingredients contained in their products Defendant impaired Plaintiff's ability to choose the type and quality of products he chose to buy.

14.     Therefore, Plaintiff has been deprived of her legally-protected interest to obtain true and accurate information about his consumer products as required by California and Federal law.

15.     As a result Plaintiff has been misled into purchasing products she would not have otherwise purchased.

16.     Plaintiff purchased Defendant's products because Defendant's packaging claims that their products do not contain oil and are "oil free.".

17.     Plaintiff would not have been able to understand that the Products contained oil without an advanced understanding of the organic compounds comprising the ingredients within the products,  and without performing a scientific analysis on the Products.

18.     Furthermore, due to Defendant's intentional, deceitful practice of falsely labeling the Products as being "oil free", Plaintiff could not have known that the Products contained oils, oil based products, and oil compounds.

19.     Plaintiff was unaware that the Products contained oil and oil-based products when she purchased them.

20.     Plaintiff and the Class were deceived into paying money for products they did not want because the Products were labeled as containing no oil.

21.     Worse than the lost money, Plaintiff, the Class, and Sub-Class were deprived of their protected interest to choose the type of skincare products that they use on their skin and put onto their bodies.

22.     Plaintiff, the Class, and Sub-Class members, are not, and should not be, required to chemically test the products they purchase to know the true contents of those products.

23.     Defendant, and not Plaintiff, the Class, or Sub-Class, knew or should have known that the Products' express labeling stating "oil-free" was false, deceptive, and misleading, and that Plaintiff, the Class, and Sub-Class members would not be able to tell the Products' contained oil unless Defendant expressly told them, as required by law.

24.     Defendant employs professional chemists to create the formulas of Defendant's products. Therefore, Defendant through its employees knew or should have known that Ethylhexl Palmitate, and Soybean Sterols, are both oil products that are derivatives of palm oil and soybean oil respectively.

25.     Ethylhexyl palmitate, which is simply another name for "palm oil", is an ingredient derived from palm oil that functions as an emollient, solvent, pigment wetting agent, and fragrance fixative in cosmetics and personal care products.

26.     Unbeknownst to consumers, there are over 200 names used to describe "palm oil" in the cosmetics industry. In fact, due to the great amount of the population that is allergic to palm oil and its derivatives, in countries such as Australia and New Zealand, "palm oil" is one of the few oils that must be specifically labeled on food products in those countries.

27.     Similarly, soybean sterols can only be created by creating a chemical reaction from soybean oil, and distilling the sterols left behind. It is simply another name for soybean oil.

28.     On information and belief, Defendants through their employees did know that the label "oil free" was inaccurate, and that the Ethylhexyl palmitate and soybean sterols were simply scientific names for oils,  but chose to falsely label their products because they did not believe their customers were well educated enough to know the difference.

29.     As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a.     Lost money;

    b.     Wasting Plaintiff's time; and

    c.     Stress, aggravation, frustration, loss of trust, loss of serenity, and loss of confidence in product labeling.

## CLASS ALLEGATIONS

30.      Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased the Products within ten years prior to the filing of this Complaint.

31.     Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows:

> All persons within California who purchased the Products within ten years prior to the filing of this Complaint.

32.     Defendants, their employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33.     The Class and Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Sub-Class include thousands, if not

millions of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant.

34. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

35. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

    a.    Whether the Defendant intentionally, negligently, or recklessly disseminated false and misleading information by including the statement "oil free" on the front of the Products' packaging;

    b.    Whether the Class and Sub-Class members were informed of the true nature of the oil based ingredients in the Products;

    c.    Whether the Products contain oil;

    d.    Whether Defendant's conduct was unfair and deceptive;

    e.    Whether Defendant unjustly enriched itself as a result of the unlawful conduct alleged above;

    f.    Whether the statement "Oil Free" is misleading or false;

    g.    Whether there should be a tolling of the statute of limitations; and

    h.    Whether the Class and Sub-Class are entitled to restitution, actual damages, punitive damages, and attorney fees and costs.

36.     As a resident of the United States and the State of California who purchased the Products, Plaintiff is asserting claims that are typical of the Class and Sub-Class.

37.     Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and Sub-Class.

38.     Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

39.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

40.     The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

41.     Plaintiff's claims and injuries are identical to the claims and injuries of all class and sub-class members, because all claims and injuries of all class and sub-class members are based on the same false labeling, same addition oil-based products to "oil free" skincare products, and same legal theory. All allegations arise from the identical, false, affirmative written statements made by Defendants when they claimed the Products were "Oil Free," when in reality the Products contained a number of products that are either oil by another name, oil-based compounds, or products distilled directly from oil.

42.     Defendants have acted or refused to act in respect generally applicable to the Class and Sub-Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

43.     The size and definition of the Class and Sub-Class can be identified through records held by retailers carrying and reselling the Products, and by Defendant's own records.

## FIRST CAUSE OF ACTION
### Violation of the California False Advertising Act
### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

52.     Plaintiff incorporates by reference each allegation set forth above.

53.     Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

54.     California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

55.     Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the Products advertised to be "Oil Free" fully

knowing the Products contained oil, oil-based compounds, and oil products, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

56.    Specifically, Defendant wrote on the packages of these Products that they were "Oil Free".

57.    Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

58.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Products, namely that they were "Oil Free".  In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the Products.  In turn Plaintiff and other Class Members ended up with products that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

59.    Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

60.    Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the Class Products were "Oil Free".

61.    Defendant knew that the Class Products did in fact contain oil, oil-based products, and oil compounds.

62.    Thus, Defendant knowingly sold Class Products to Plaintiff and other putative class members that contained "oil" contrary to the Products packaging.

63.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these

practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
### Violation of Unfair Business Practices Act
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

64.     Plaintiff incorporates by reference each allegation set forth above.

65.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

66.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct

1    is ongoing and continues to this date.

2        67.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the

3    injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or

4    competition; and, (3) is not one that consumers themselves could reasonably have avoided.

5        68.    Here, Defendant's conduct has caused and continues to cause substantial injury

6    to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury

7    in fact due to Defendant's decision to sell them misbranded skin care products (Class Products).

8    Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-

9    Class.

10        69.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while

11   providing no benefit of any kind to any consumer.  Such deception utilized by Defendant

12   convinced Plaintiff and members of the Class that the Class Products were "Oil Free" in order

13   to induce them to spend money on said Class Products.  In fact, knowing that Class Products, by

14   their objective terms contained oil, oil based compounds, and oil products, and  unfairly profited

15   from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive

16   from this feature is nonexistent.  Thus, the injury suffered by Plaintiff and the members of the

17   Sub-Class is not outweighed by any countervailing benefits to consumers.

18        70.    Finally, the injury suffered by Plaintiff and members of the Class and Sub-Class

19   is not an injury that these consumers could reasonably have avoided.  After Defendant, falsely

20   represented that Class Products were "Oil Free", the Plaintiff, Class members, and Sub-Class

21   Members suffered injury in fact due to Defendant's sale of Class Products to them.  Defendant

22   failed to take reasonable steps to inform Plaintiff and class members that the Class Products

23   contained oil, including intentionally misbranding the Products by labeling them as being "Oil

24   Free."  As such, Defendant took advantage of Defendant's position of perceived power in order

25   to deceive Plaintiff and the Class members to purchase skin care products containing oil.

26   Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these

27

28

consumers could reasonably have avoided.

71.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

72.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

73.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.   Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

74.     Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.   Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they were "Oil Free" even though the Products contained oil, oil based products, and oil compounds.   Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

75.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being "Oil Free" when the Products contained oil and oil based products and compounds.

76.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

77.     California Business and Professions Code Section 17200, et seq. prohibits "any

unlawful…business act or practice."

78. As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as being "Oil Free", when the Products contained oil, oil based products, and oil compounds.

79. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

80. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

81. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**THRID CAUSE OF ACTION**
**COMMON LAW FRAUD**

82. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 81 above as if fully reiterated herein.

83. Through its false statements on the Products' packaging that the Products contained no oil, Defendant made false statements of material fact.

84. At the time Defendant made its statements that the Products contained no oil to Plaintiff, it knew, or reasonably should have known, that the statements described above were false.

85.     At the time Defendant made the statement to Plaintiff, it intended to induce Plaintiff to purchase the Products.

86.     Plaintiff relied upon the truth of the statements described above and purchased the Products, only to find that the Products contained oils, oil based product, and oil compounds.

87.     As a result of their reasonable reliance upon Defendant's false statements of material fact as set forth above, Plaintiff and other members of the Class and Sub-Class have suffered concrete and particularized injuries, harm and damages which include, but are not limited to, the loss of money spent on products they did not want to buy, and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

88.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 87 above as if fully reiterated herein.

89.     Plaintiff conferred monetary benefits to Defendant by purchasing the Products.

90.     Defendant has been unjustly enriched by retaining the revenues derived from Plaintiff's purchase of the Products based on the false statement that the Products were "Oil Free."

91.     Defendant's retention of the revenue it received from Plaintiff, the Class, and the Sub-Class is unjust and inequitable because Defendant's false statements caused injuries to Plaintiff, the Class, and the Sub-Class, because they would not have purchased the Products if they knew the Products contained oil.

92.     Defendant's unjust retention of the benefits conferred on it by Plaintiff, the Class, and the Sub-Class entitles the Plaintiff, the Class, and the Sub-Class to restitution of the money they paid to Defendant for the Products.

**MISCELLANEOUS**

93.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

**REQUEST FOR JURY TRIAL**

94.     Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

95.     Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a)     An order certifying the undersigned counsel as Class Counsel;

(b)     An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)     An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(d)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(e)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)     Any and all statutory enhanced damages;

(g)     All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)     Pre- and post-judgment interest; and

(i)     All other relief, general or special, legal and equitable, to which Plaintiff

1    and Class Members may be justly entitled as deemed by the Court.

2

3    Dated:  April 17, 2020                    Respectfully submitted,

4                                              LAW OFFICES OF TODD M. FRIEDMAN , PC

5

6                                              By: */s Todd. M. Friedman*

7                                                  TODD M. FRIEDMAN, ESQ.
                                                   Attorney for Plaintiff Narguess Noohi

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                 CLASS ACTION COMPLAINT