MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
HANNAH Y. CHANOINE (*pro hac vice*)
hchanoine@omm.com
E. CLAY MARQUEZ (S.B. #268424)
cmarquez@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel: (415) 984-8700

*Attorneys for Defendant*
JOHNSON & JOHNSON CONSUMER INC.

TODD M. FRIEDMAN (S.B. #216752)
tfriedman@toddflaw.com
MEGHAN GEORGE (S.B. #274525)
mgeorge@toddflaw.com
LAW OFFICES OF TODD M. FRIEDMAN,
P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Tel: 877-619-8966

*Attorneys for Plaintiff*
NARGUESS NOOHI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| NARGUESS NOOHI, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER, INC., DOES 1-100, INCLUSIVE.<br><br>Defendant. | Case No. 2:20-cv-03575-TJH-JEM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Terry J. Hatter Jr.<br>Mag. Judge: Hon. John E. McDermott |

1    Plaintiff Narguess Noohi ("Plaintiff"), on the one hand, and Defendant

2    Johnson and Johnson Consumer Inc. ("JJCI,"), on the other hand (collectively, "the

3    Parties"), seek entry of an Order under Federal Rule of Civil Procedure 26(c) and

4    any other applicable laws and rules to facilitate the orderly and efficient disclosure

5    of relevant information, to minimize the potential for unauthorized disclosure of

6    Confidential Material, and to obtain other relief agreed to by the Parties and set out

7    in this Order.

8    **A.** <u>**Purposes and Limitations**</u>

9    Discovery in this action is likely to involve production and disclosure of

10   confidential, proprietary, or private information for which special protection from

11   public disclosure and from use for any purpose other than prosecuting this litigation

12   may be warranted.  Accordingly, the Parties hereby stipulate to and petition the

13   Court to enter the following Stipulated Protective Order.  The Parties acknowledge

14   that this Order does not confer blanket protections on all disclosures or responses to

15   discovery and that the protection it affords from public disclosure and use extends

16   only to the limited information or items that are entitled to confidential treatment

17   under the applicable legal principles.

18   **B.** <u>**Good Cause Statement**</u>

19   This action is likely to involve competitively-sensitive commercial, financial,

20   technical, and/or proprietary information for which special protection from public

21   disclosure and from use other than prosecution of this action is warranted.  Such

22   confidential and proprietary materials and information consist of, among other

23   things: confidential business, financial, or sales information; information regarding

24   confidential business practices or strategies, including but not limited to how JJCI

25   addresses customer concerns; information relating to product formulation,

26   development, testing, marketing, or distribution; other confidential research,

27   product development, or commercial information (including information

28   implicating privacy rights of third parties); information otherwise generally

unavailable to the public; and information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, the public disclosure of which could harm JJCI's competitive advantage. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C. **Acknowledgment of Procedures for Filing Under Seal**

The Parties further acknowledge, as set forth in Paragraph 7.b. below, that this Stipulated Protective Order does not entitle them to file Confidential Material under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal, *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with

respect to Protected Material that a party seeks to file under seal.  The Parties' mere designation of discovery material as "CONFIDENTIAL" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

1.   **<u>Scope</u>.**

a.    This Stipulated Protective Order governs all Confidential Material, including "Confidential Material—Attorney Eyes Only," designated pursuant to this Order.

i.    "Confidential Material" means any hardcopy or electronic document, information, testimony (*i.e.*, depositions, declarations, or other pre-trial statements in this Proceeding), and all copies, data,

STIPULATED PROTECTIVE ORDER
2:20-cv-03575-TJH-JEM

extracts, compilations, summaries, reports, and information obtained,

derived, or generated from such material that the party designating the

material as confidential ("Designating Party") reasonably believes to

be entitled to confidential treatment under Federal Rules of Civil

Procedure 26(c)(1)(G) or other applicable laws or regulations.

Confidential Material includes, but is not limited to, trade secrets (as

defined in the Uniform Trade Secrets Act); other confidential research,

development, or commercial information; all information that, if

disclosed, could result in competitive, commercial, or business harm;

and any person's personal identifying information, financial

information, medical/insurance information, or other information that

is private under applicable laws or regulations.

ii.      "Confidential Material—Attorney Eyes Only" means

Confidential Material that the Designating Party reasonably believes to

contain highly confidential information the disclosure of which would

cause the Designating Party serious competitive and commercial harm.

Unless otherwise specified, provisions in this Order regarding

"Confidential Material" shall also encompass "Confidential Material—

Attorney Eyes Only."

b.      This Order is binding upon all current and future Parties in this action

(including their respective corporate parents, subsidiaries, affiliates,

successors, and attorneys and all other representatives or agents), their

counsel, and all signatories to Exhibit A, the Non-Disclosure Agreement

(deemed to be part of this Order), and all other persons or entities authorized

under this Order or any other Order of this Court to receive or view

Confidential Material.

c.      The entry of this Order does not preclude any Party in this action from

seeking further order of this Court, including modification of this Order, or

STIPULATED PROTECTIVE ORDER
2:20-cv-03575-TJH-JEM

1    from objecting to discovery that the Party believes to be improper.

2           d.      Nothing herein shall be construed as an admission or concession by a

3    Designating Party that any Confidential Material constitutes relevant,

4    material, or admissible evidence in this matter.

5    **2.      <u>Designation of Confidential Material; Failure to Make Designations</u>.**

6           a.      <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

7                   i.      Each Party or Non-Party that designates information or items for

8    protection under this Order must take care to limit any such

9    designations to specific material that qualifies under the appropriate

10   standards.  The Designating Party must designate for protection only

11   those parts of material, documents, items, or oral or written

12   communications, that qualify so that other portions of the material,

13   documents, items, or communications for which protection is not

14   warranted are not swept unjustifiably within the ambit of this Order.

15   Documents produced in this action may be designated at the document

16   level for purposes of production, however, any publicly filed versions

17   of the same should be narrowly redacted, wherever possible and

18   appropriate, so that only those portions of the document(s) qualifying

19   for protection are withheld from public disclosure.

20                  ii.     Mass, indiscriminate, or routinized designations are prohibited.

21   Designations that are shown to be clearly unjustified or that have been

22   made for an improper purpose (*e.g.*, to unnecessarily encumber the

23   case development process or to impose unnecessary expenses and

24   burdens on other parties) may expose the Designating Party to

25   sanctions.

26                  iii.    If it comes to a Designating Party's attention that information or

27   items that it designated for protection do not qualify for protection,

28

that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

b.  Documents Produced in Image, PDF, or Hardcopy Form ("Image"). The Designating Party shall place on each page the following legend: PROTECTED DOCUMENT, SUBJECT TO PROTECTIVE ORDER or PROTECTED DOCUMENT—ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER.  The legend shall not obscure any content of the original document.  Any person making a copy of the image, if authorized under this Order, shall ensure that the same legend shows on the copy.

c.  Documents Produced in Native Format ("native file"). A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: PROTECTED or PROTECTED—ATTORNEY EYES ONLY.  Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

d.  Deposition Testimony and Exhibits.

i.  Following any deposition and for thirty (30) days after the Parties' counsel have received from the court reporter a final copy of a deposition transcript, all testimony, transcripts, and exhibits shall constitute Confidential Material.  Thereafter, the transcript, or portions of transcripts, or exhibits designated as Confidential Material shall remain subject to this Order.  In addition, no further actions need be taken regarding any exhibit previously designated as Confidential Material.

ii.  Confidential Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person as described below, and persons attending the deposition who are not Qualified Persons may be excluded from the portions of the deposition during which Confidential Material is disclosed.

iii.    Deposition transcript or exhibit pages containing Confidential Material shall be separately bound by the court reporter, who must affix to the top of each page the legend "PROTECTED DOCUMENT, SUBJECT TO PROTECTIVE ORDER" or "PROTECTED DOCUMENT—ATTORNEY EYES ONLY, SUBJECT TO PROTECTIVE ORDER."

e.    <u>Pleadings, Motion Papers, and Written Discovery Papers</u>.

i.    A party may designate as Confidential Material portions of pleadings, motion papers (written motions, affidavits, and briefs), and written discovery papers (requests and responses).

ii.    A Party preparing such written papers should designate portions as Confidential Material when the papers are served or filed.  If feasible, the Confidential Material shall be bound separately from material not entitled to protection.

iii.    A party receiving such written papers shall make designations within thirty (30) days after service or filing of the papers.

f.    <u>Other Confidential Material</u>. For Confidential Material in a form not addressed above (*e.g.*, DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items the legend "PROTECTED, SUBJECT TO PROTECTIVE ORDER, PRODUCED BY [PARTY NAME] IN *NOOHI v. JJCI*" or "PROTECTED—ATTORNEY EYES ONLY, PRODUCED BY [PARTY NAME] IN *NOOHI v. JJCI*."  If feasible, the legend shall identify the portions constituting Confidential Materials.

g.    <u>Confidential Material Disclosed by a Non-Party</u>.

i.    For thirty (30) days after a non-party makes disclosures in this proceeding, the entire disclosure shall be treated as Confidential Material under this Order.

ii.      Within the 30-day period, the non-party or a Party in this action may notify all other Parties that all or specific portions of the disclosure are Confidential Material.  Thereafter, the designated portions shall remain subject to this Order.

h.      <u>Disclosure of Confidential Material Without Confidential Designation</u>.

i.      Disclosure of Confidential Material without the required confidentiality designation shall not be a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to the same or related subject matter.  This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.

ii.      After discovering a failure to make a confidentiality designation, the Disclosing Party may give written notice that the material is Confidential Material.  Receiving Parties then shall treat the material as confidential until the parties agree otherwise, or the Court resolves the issue.  The Disclosing Party may reproduce the material with the appropriate confidentiality legend, and each Receiving Party then shall return or destroy all copies of the identified material, including that held by persons to whom the Party distributed the material.

**3.**     **<u>Required Handling of Confidential Material</u>.**

a.      Confidential Material shall not be disclosed to anyone for any purpose other than as required for the preparation of trial or any appeal in this action, and, in that limited context, shall be disclosed only to Qualified Persons as set out below.  Confidential Material shall not be used for any business, competitive or other non-litigation purpose.

i.      Confidential Material in native format may be copied solely (a) for use in a litigation-support application or (b) as specified in, and for purposes set out in, the section of the ESI Protocol in this case

entitled "Use of Native Files in Proceedings in the Case."

b.      Each Party and its counsel, and each Qualified Person identified in ¶¶ 4.a through 4.g and 5.a through 5.c (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that Qualified Person, (i) shall not permit or enable unauthorized dissemination of Confidential Material to anyone; (ii) shall take all necessary and prudent measures to preserve the security of Confidential Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Confidential Material is stored or through which it is transmitted; and (iii) shall physically store, maintain, and transmit Confidential Material solely within the United States.

c.      If Confidential Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Confidential Material (jointly, "unauthorized actions"), each Party or Qualified Person with knowledge of the unauthorized actions immediately shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly shall inform the Designating Party of such remedial measures and of all facts relating to the unauthorized actions, including identification of all Confidential Material disclosed.

d.      Nothing in this Order shall limit any Designating Party's use of its own documents, including disclosure of its own Confidential Material to any person for any purpose.

e.      Under this Order, Plaintiffs may use their own medical records and disclose them to their physicians, and Defendants may use copies of them and disclose them to other Qualified Persons.

4.   **<u>Qualified Persons With Respect to Confidential Material.</u>** Subject to Paragraph 2.g.i above, Confidential Material (as distinct from Confidential Material—Attorney Eyes Only, covered in Paragraph 5 below) may be disclosed

only to the following Qualified Persons:

a.     <u>All Parties in this Action;</u>

b.     <u>The Parties' counsel</u>, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

c.     <u>Consultants</u> (*i.e.*, experts or professionals whom counsel has retained to provide professional advice or services to assist in preparation for the trial of the Action, whether or not designated as a testifying expert), but only if (1) the Consultant has first signed a copy of Exhibit A, (2) the Consultant is not a Competitor of the Designating Party, and (3) Counsel for the Party retaining the Consultant, after duly diligent inquiry, does not know of any instance in which the Consultant has been found to be in violation of the terms of a protective order in any legal proceeding;

      i.     As used in this Order, "Competitor" means any manufacturer or distributor of, or any entity involved in the sale of, skincare and cosmetics products, including but not limited to moisturizers, and any person who, upon reasonable and good faith inquiry, could be determined to be employed by, to be a consultant doing research for, or otherwise to be retained by any manufacturer or distributor of, or any entity involved in the sale of, skincare and cosmetics products, including but not limited to moisturizers.

d.     <u>A witness</u> at a deposition or pre-trial hearing, if the witness will give relevant testimony regarding the Confidential Material to be disclosed or if disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of Exhibit A, except that a party's treating physicians to whom that party's medical records may be shown need not sign a copy of Exhibit A.

STIPULATED PROTECTIVE ORDER
2:20-cv-03575-TJH-JEM

i.    This provision does not preclude the Designating Party from objecting to or moving to preclude disclosure to any witness, or from seeking amendment of this provision in the future;

e.    A person identified in the Confidential Material as an author, source, addressee, or recipient of the material or who already has a copy of it;

f.    Any other person mutually agreed upon among the Parties, but only if that person has signed a copy of Exhibit A;

g.    <u>Any mediators or arbitrators</u> selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a copy of Exhibit A; and

h.    <u>The Court</u> or any Court personnel, including any court reporters.

**5.**   **<u>Qualified Persons With Respect to Confidential Material—Attorney Eyes Only</u>**. Subject to Paragraph 3 above, Confidential Material—Attorney Eyes Only may be disclosed only to the following Qualified Persons:

a.    <u>Counsel of record</u> in this action, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

b.    <u>Any individual Party</u>, if the party's counsel reasonably believes that disclosure is necessary to prepare the case for trial;

c.    The Qualified Persons described in Paragraphs 4.c through 4.h above.

**6.**   **<u>Challenges to Designations</u>**.

a.    If a Party challenges a designation, the challenged material shall be treated as Confidential Material until the Parties agree otherwise in writing or this Court issues an order that the material is not confidential.

b.    To challenge confidentiality designations, a Party shall identify in writing the specific Confidential Material (by Bates number, if possible) to which each challenge pertains, and the specific bases for each challenge. After receiving the challenges, the Designating Party shall have thirty (30)

days to state in writing whether the designations will be maintained or withdrawn.

c.       If the Parties cannot resolve all disputes after meeting and conferring, the Designating Party shall file a motion to defend challenged designations. Any disputes over the designation of Confidential Material are governed by the procedures in Civil Local Rule 37.

**7.       Use of Confidential Material in Court Prior to Trial.**

a.       No Party may file with the Court Confidential Material of any other Party except when required for motions or other pending matters in the Action.

b.       A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.  Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue.  If a Party's request to file Confidential Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**8.       Orders, Subpoenas, or Requests from Non-Parties.**

If a person or entity serves a Party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential Material of a Designating Party, the Party receiving the demand, if not prohibited under applicable law and within forty-eight (48) hours of receipt, shall deliver a copy of the demand to the Designating Party's counsel.  The Party shall not disclose any Confidential Material prior to the date specified for disclosure.  In its sole discretion and at its own cost, the Designating Party may oppose or seek to limit the demand in any legal manner. The Party who received the demand shall not oppose or otherwise interfere with the Designating Party's actions.

**9.       Redactions.**

a.       Prior to any discovery-related disclosure or production, the Producing

Party may redact information or material that is protected from disclosure by applicable privilege or immunity (see Exhibit B of this Order), that is governed by any applicable privacy law or regulation, that contains commercially sensitive or proprietary non-responsive information, or that any Order entered in this Action allows to be redacted.  The Producing Party also may withhold entire non-responsive attachments in a document family and may produce slipsheets in their place.

b. <u>Methods of Redaction</u>.

i. Each redaction in a TIFF-image shall be indicated clearly on the image as being based on "Privilege" or "Other."

ii. For native files requiring redaction, redacted text shall be replaced with the terms "Privilege" or "Other," and the Producing Party shall produce the redacted file either in native format or in an authorized TIFF-image format.

iii. For metadata fields requiring redaction, field content shall be replaced by the term "Redacted," and the modified field shall be included in any required .dat file.

c. The terms of ¶ 2.g above (Confidential Material) and of Exhibit B, ¶ 3 (privileged information) shall apply to any unintentional failure to redact information.

**10.   <u>Disposition of Confidential Material</u>.**

a. After final disposition of any appeals or after the time for filing any appeal has passed, each Party in the action promptly shall return to the Designating Party its Confidential Material (including on any litigation-support application or in the possession, custody, or control of any person to whom the Party distributed Confidential Material), shall destroy it, or otherwise shall comply with an applicable order of the Court. Within thirty (30) days of any such action, the Party shall certify in writing to the

STIPULATED PROTECTIVE ORDER
2:20-cv-03575-TJH-JEM

Designating Party that the required return or destruction has been completed.

b.      As exceptions to the above requirements,

i.      Counsel may retain Confidential Material in copies of pleadings, motions, or other court-filed papers, in official transcripts and exhibits thereto, and in attorney work product, including counsels' email and document management systems.  Counsel shall continue to treat all such materials as Confidential Material pursuant to the requirements of this Order.

ii.      Confidential Material stored on backup storage media is sequestered.  If such data is restored from backup media, the Receiving Party or its agent must promptly return or destroy the restored Confidential Material and provide the certification required in ¶ 10.a above.

iii.      This Order shall continue to apply to any such materials retained by counsel.

**11.      <u>Order Survives Termination of Action.</u>**

This Order constitutes an enforceable agreement between the Parties, their agents, and their attorneys and shall be binding after termination of this action.  To enforce this Order, the Court shall retain jurisdiction over any person or entity in receipt of Confidential Material.

*[remainder of page intentionally left blank]*

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  June 11, 2021

MATTHEW D. POWERS
HANNAH CHANOINE
E. CLAY MARQUEZ
O'MELVENY & MYERS LLP

By: /s/          *E. Clay Marquez*
                 E. Clay Marquez

*Attorneys for Defendant*
JOHNSON AND JOHNSON
CONSUMER INC.

Dated:  June 11, 2021

TODD M. FRIEDMAN
ADRIAN BACON
MEGHAN GEORGE
LAW OFFICES OF TODD M.
FRIEDMAN, P.C.

By: /s/          *Meghan George*
                 Meghan George

*Attorneys for Plaintiff*
NARGUESS NOOHI

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  June  14, 2021

_John E. McDermott_
HONORABLE JOHN E. McDERMOTT
United States Magistrate Judge

## SIGNATURE ATTESTATION

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 11, 2021

O'MELVENY & MYERS LLP

By: /s/          *E. Clay Marquez*
                 E. Clay Marquez

*Attorneys for Defendant*
JOHNSON AND JOHNSON
CONSUMER INC.

16

STIPULATED PROTECTIVE ORDER
2:20-cv-03575-TJH-JEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

NARGUESS NOOHI, individually
and on behalf of other members of
the general public similarly situated,

Plaintiff,

v.

JOHNSON & JOHNSON
CONSUMER, INC., DOES 1-100,
INCLUSIVE.

Defendant.

Case No.  2:20-cv-03575-TJH-JEM

**ENDORSEMENT OF PROTECTIVE
ORDER**

## EXHIBIT A

I hereby attest that I understand that information or documents designated as Confidential Material are provided to me subject to the Stipulated Protective Order dated June ___, 2021 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms.  I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Confidential Material pursuant to the Order.

I certify that I am not a Competitor, as defined in the Order.

I further agree that I shall not use Confidential Material for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Confidential Material, in any form whatsoever, to others.

I further agree to return or destroy Confidential Material in my possession, custody, or control in the manner and time specified by the Order.

I further agree and attest to my understanding that my obligation to honor the

confidentiality of such Confidential Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure.  I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order.  I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

2

## **EXHIBIT B—PRIVILEGED INFORMATION**

This Exhibit is Exhibit B to the Stipulated Protective Order dated June ___, 2021 (the "Order"), in the above-captioned litigation ("Litigation") and shall be deemed to be incorporated in the Order as if set forth there in full.

1.  Underline General Principles.

    a.  A party may withhold from production information or documents on the grounds of attorney-client privilege, physician-patient privilege, work product protection, or any other applicable privilege or protection under law or regulation ("Privileged Information").

    b.  The party asserting a privilege for material shall provide privilege log(s) explicitly identifying the privilege asserted for the material and containing information sufficient to enable the opposing party to assess the applicability of the privilege.  Fed. R. Civ. P. 26(b)(5).

        i.  A privilege log should "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Id*. Rule 26(b)(5)(A)(ii).

        ii.  "The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection.  Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."  Committee Note on Rule 26(b)(5), 1993 Comments.

2.  Specific Privilege Log Protocols.

    a.  Privilege logs provided in lieu of producing requested documents shall

be produced no more than ninety (90) days after the date upon which the documents would have been required to be produced.  Privilege logs shall be produced in native Excel format.

b.     No Party shall be required to list on a privilege log privileged or work-product documents prepared for the prosecution or defense of this action or constituting or disclosing communications within clients or between clients and their counsel related to this action.

c.     With respect to partially privileged documents produced in redacted form, and in lieu of listing such produced documents individually on the privilege log, a Party shall provide, as an appendix to the privilege log, an Excel-format listing of the beginning production-Bates-number of each such produced redacted document and the basis of the claim for the redaction.

d.     If a document containing Privileged Information is part of an email thread as described in the ESI Protocol in this action, a Producing Party shall list on the privilege log only the most-inclusive email in the thread and shall include in a separate column on the log all information in the ALL_PARTICIPANTS field for that email.

e.     Agreed-Upon Categories of Privileged Documents.

     i.     When a party asserting that a document constitutes or contains privileged information reasonably determines that the document is within one of the following categories, the party shall list on the privilege log the category number for that document.  The parties agree that, for documents reasonably assigned to one of the following categories, the effort to review and prepare a description of the nature and purpose of the communication is unduly expensive, will not result in substantive benefit to any party, and is not proportional to the claims and defenses in the action.

ii.     The agreed-upon categories are:

(1)     Communications involving outside counsel (a) seeking or providing legal advice or (b) seeking or providing information required by counsel to represent the client;

(2)     Emails, with attachments, from an attorney (a) providing legal advice or (b) seeking information required by the attorney to represent the client;

(3)     Emails, with attachments, to an attorney (attorney in the TO field) (a) seeking legal advice or (b) identifying or providing information required by the attorney to represent the client;

(4)     Emails, with attachments, copied to an attorney (attorney in the CC field) (a) seeking or identifying a request for legal advice or (b) identifying or providing information required by the attorney to represent the client;

(5)     Documents (not attached to emails) prepared or edited by an attorney in representing the client;

(6)     Documents (not attached to emails) prepared for or edited for review by an attorney in representing the client;

(7)     Emails between non-attorneys (a) identifying legal advice of, or a request for legal advice from, counsel, (b) identifying a request by counsel for information required to represent the client, or (c) identifying or constituting information provided or to be provided to counsel and required by counsel to represent the client;

(8)     Documents referring to legal advice; and

(9)     Status of legal matters, e.g., legal settlements.

f.     If application of Rule 26(b)(5) results in a document-by-document listing of some or all privileged Information, the entry for each document

shall list the following information available for the document:

      i.     the beginning Bates number of the document;

      ii.     the nature of the privilege asserted (*e.g.*, "attorney- client privilege" or "attorney work product");

      iii.     if known, name(s) of the author(s) of the document;

          (1)     If a document is an email thread, the name of the author on the most inclusive email in the thread shall be listed;

      iv.     if known, name(s) of the recipient(s) (*i.e.*, persons shown in the TO, CC, and BCC fields)

          (1)     If the document is an email chain, name(s) of the recipient(s) on the most recent email in the chain shall be listed, and the content of the ALL_PARTICIPANTS field shall be set out in a separate column;

      v.     if known, the date the document was created, sent (if applicable), and last modified (if applicable);

      vi.     the document type by file extension;

      vii.     the custodian(s) of the document; and

      viii.     the category (as identified in ¶ 2.e.ii. immediately above) to which the document reasonably can be assigned or, if the document cannot reasonably be so assigned, a brief description of the nature and purpose of the communication (*e.g.*, communication seeking legal advice, communication providing legal advice, communication regarding legal advice provided by counsel), as well as the general subject matter of the communication without disclosing any privileged or protected information, in a manner that will enable other parties to assess the claim.

3.    <u>Disclosed Privileged Information.</u>

    a.    The Parties have agreed that, in this lawsuit, they do not intend to

disclose Privileged Information.  Pursuant to Federal Rule of Evidence 502(d) and 28 U.S. Code § 1738, any disclosure of Privileged Information ("Disclosed Privileged Information") shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter.

b.      Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

c.      Any party receiving materials that reasonably appear to be Privileged Information shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials.

d.      If a Disclosing Party notifies the Receiving Party that Privileged Information has been disclosed,

i.      the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the Parties agree, or the Court orders, otherwise;

ii.      the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

iii.      the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) court days,

(1)      return, destroy, or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided

1    the Disclosed Privileged Information, and

2    (2)    provide a certification of counsel that all Disclosed

3    Privileged Information has been returned, destroyed, or deleted.

4    (3)    For purposes of this Order, Disclosed Privileged

5    Information that is not reasonably accessible under Federal

6    Rules of Civil Procedure 26(b)(2)(B) because stored by the

7    Receiving Party on backup storage media is deemed to be

8    sequestered.  Should such data be retrieved, the Receiving Party

9    must promptly take steps to delete the restored Disclosed

10   Privileged Information.

11   e.    To contest the claim of attorney-client privilege or work product

12   protection, the Receiving Party may—within five (5) business days of receipt

13   of the notice of disclosure—move the Court for an Order compelling

14   production of the contested material ("Disclosure Motion").

15   i.    The Disclosing Party shall retain the burden of establishing its

16   privilege or work product claims.

17   ii.    The motion shall be filed or lodged conditionally under seal; any

18   Disclosed Privileged Information attached to or disclosed in the

19   motion shall be deemed submitted solely for the Court's *in camera*

20   review.

21   iii.    The motion shall not assert as a ground for entry of such an

22   Order the fact or circumstances of the production of Disclosed

23   Privileged Information.

24   iv.    Pending resolution of the motion, the Receiving Party must not

25   use the contested information in any way or disclose it to any person

26   other than those required by law to be served with a copy of the sealed

27   motion.

28   f.    <u>Rule 502.</u>  Federal Rule of Evidence ("FRE") 502(b) is inapplicable to

6

1   Disclosed Privileged Information, which shall receive the maximum

2   protection afforded by FRE 502(d).  Under FRE 502(d) and 28 U.S.

3   Code § 1738, this Order shall be enforceable and granted full faith and

4   credit in all other state and federal proceedings.  Any subsequent

5   conflict of law analysis shall apply the law most protective of privilege

6   and work product.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B
STIPULATED PROTECTIVE ORDER
2:20-cv-03575-TJH-JEM